UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
-----------------------------------------------------------------

THE DILLE FAMILY TRUST,

    Plaintiff,

vs.

THE NOWLAN FAMILY TRUST

    Defendant.

-----------------------------------------------------------------

Case No.:

COMPLAINT AND DEMAND
FOR JURY TRIAL

NOW COMES Plaintiff, THE DILLE FAMILY TRUST, by and through its undersigned attorneys, GEER & HERMAN P.C., on its behalf and for its Complaint against the above named Defendant, THE NOWLAN FAMILY TRUST, alleges and avers as follows:

## PARTIES

1. Plaintiff THE DILLE FAMILY TRUST (hereinafter "Plaintiff" or "DFT"), is a trust duly formed under the laws of the State of California, filed with the Commonwealth of Pennsylvania having a regular and established place of business at 2100 Wilmington Road, New Castle, Lawrence County, Pennsylvania.

2. Upon information and belief, Defendant THE NOWLAN FAMILY TRUST (hereinafter "Defendant" or "Nowlans") is a trust duly formed under the laws of the Commonwealth of Pennsylvania, entity number 4155897, having a regular and established place of business at 325 Swede Street, Norristown, PA 19407. Upon information and belief, the current trustee is Brian McDevitt.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this action on the following basis:

   a. Under 28 U.S.C. § 1331 since this action arises under the Laws of the United States, *i.e.*, the Lanham Act §43(a), 15 U.S.C. § 1125 *et. seq.*;

   b. Under 28 U.S.C. § 1338 since this action arises under the Trademark and Unfair Competition Laws of the United States, *i.e.*, the Lanham Act §43(a), 15 U.S.C. § 1125 *et. seq.*;

   c. Under 15 U.S.C. § 1121 since this action involves questions arising under the Trademark Laws of the United States, Lanham Act §43(a), 15 U.S.C. §§ 1114, 1125 *et. seq.*;

   d. Under 15 U.S.C. § 1071(b) since this action includes an appeal from the Trademark Trial and Appeal Board of the United States Trademark Office; and

   e. Under 28 U.S.C. § 1367(a) since this action alleges state law violations that are part of the same case or controversy as those claims arising under the laws of the United States and the Commonwealth of Pennsylvania.

4. This Court has personal jurisdiction over the parties to this action because: (i) Plaintiff's claims arise in the judicial district, (ii) Defendant resides in this Judicial District; and (iii) all parties are located within the Commonwealth of Pennsylvania.

5. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and (c), Plaintiff's claim arise in this Judicial District, each party does business in this Judicial District, witnesses and evidence are located within this Judicial District and a substantial portion of the harm sought to be avoided, and a substantial part of the events and omissions giving rise to the claims asserted herein, occurred within this Judicial District.

## FACTUAL BACKGROUND

6. The Plaintiff, the Dille Family Trust, executed on August 16, 1979, and as amended January 5, 1982, has been and is now using, itself or through license the BUCK ROGERS mark (hereinafter "the Mark") on goods, including but not limited to, licenses, comic books, books, graphic novels, T.V. series, action figures, replica figures, ray guns, guns, toys, statues, artwork, posters, feature films, t-shirts, computer software, DVDs and radio programs.

7. The Mark has acquired distinctiveness over the past century; it is a famous mark, first used by the John F. Dille Company adopted and first used as early as 1928 and 1929 and its subsequent successors and assigns, ultimately becoming the property of the Dille Family Trust.

8. Buck Rogers was created by John F. Dille in or about 1928. John F. Dille, and the John F. Dille Company began to use the BUCK ROGERS mark in commerce as early as 1929.

9. Phillip Francis Nowlan was at the time (1928-29) contracted by the John F. Dille Company to work on Buck Rogers comic strip. However, on May 14, 1942, Mr. Nowlan through his estate and Theresa Nowlan, Executrix, released and assigned all rights and interest in BUCK ROGERS to John F. Dille and the John F. Dille Company with payment of consideration a full and complete release and assignment.

10. The John F. Dille Company assigned all of its copyrights, marks, and registration to Robert C. Dille December 31, 1962. Robert C. Dille assigned his copyrights, marks, and registration to the National News Syndicate, Inc., on February 1, 1963. On March 3, 1963, the National News Syndicate conveyed all of its interest to Robert C. Dille by a bill

of sale and furthermore on May 31, 1974, the national News Syndicate conveyed and assigned all of its marks to Robert C. Dille.

11. On August 16, 1979, the Dille Family Trust was created and the Trustees were Robert C. and Virginia N. Dille. On August 16, 1979, Robert C. Dille executed an assignment of marks and registration and assignments of all applications to the Dille Family Trust. In September, 1980, Robert C. Dille executed an assignment of copyright and an assignment of marks and registrations and an assignment of agreements from himself to the Dille Family Trust.

12. The Plaintiff is informed and believes and therefore avers that the Defendant herein, the Nowlan Family Trust, consists of the descendants, successors, and assigns of the settlors of the release, set forth with more particularity hereinafter. The aforementioned release dated May 14, 1942, specifically waived the rights to Buck Rogers and all of its associated properties in behalf of Teresa Marie Nowlan and her heirs and waived any right that "Phillip Francis Nowlan or I have had, now have, or may have in the future, or which my heirs, executors, or administrators, hereinafter can, shall, or may have, for or by reason of any matter, cause or thing whatsoever, including all claims, etc., to all receipts from Newspaper strips, merchandise, radio, movies, and all other subject matter, and including all claims, etc., to all receipts which may arise under any contracts heretofore or hereinafter entered into by the parties of the second part or any of them relating to newspaper strips, merchandise, radio and movies, and all other subject matter. All contracts of every kind or nature which exist or may exist and all rights thereunder are hereby terminated and forever released. [T]he party of the first part hereby assigns, releases, waives, and conveys all claims, rights, and interests of any kind to whatsoever in

and to all copyrights to John F. Dille Co., and to all trade-marks, goodwill, titles including specifically "Buck Rogers" and "Buck Rogers In The 25th Century" and all characters, patents, and inventions, and all other subject matter relating in any way to the Buck Rogers features to John F. Dille."

13. Accordingly, pursuant to the release, the Nowlan Family Trust, as it consists of the parties aforementioned in paragraph 12 hereinabove, as the Descendants of Phillip Francis Nowlan, are accordingly barred from making a trademark application in the first place based upon the aforementioned release, see Exhibit "A" attached hereto and incorporated by reference herein in toto.

14. In or about 1979, Robert C. Dille assigned rights to Buck Rogers, to the Dille Family Trust.

15. Since said 1979 assignment, the DFT has maintained the rights to Buck Rogers and used the Mark, whether common law trademark or registered trademark (United States registrations or international registrations), in commerce continuously since 1979.

16. In 1981, BUCK ROGERS was registered with the United States Trademark Office (Registration Numbers 0714184 and 1555871). Although these registrations were cancelled in or about April 2011, the DFT continued to use the Mark in commerce.

17. On or about September 2009, the DFT filed an application (Serial No. 77/831393) seeking registration of the BUCK ROGERS mark in numerous classes (009, 016, 018, 021, 024, 025, 026, 028, 035 and 041) and for a variety of goods including, computer game programs, downloadable sound recordings and audiovisual recordings featuring music, science fiction and adventure, printed materials, folders, calendars, bags, wallets,

mugs, t-shirts, jackets, games, toys, videos, non-downloadable web-based television programs featuring science fiction and adventure, and action figures and accessories.

18. Also in or about September 2009, the DFT filed an application (Serial No. 77/831213) seeking registration of the mark BUCK ROGERS in numerous classes (009, 016, 020, 028 and 041) and for a variety of goods including, motion picture films featuring science fiction and adventure, audio-visual recordings featuring science fiction and adventure, sound recordings featuring musical soundtracks, a series of books featuring a collection of comic strips, toy action figures, non-downloadable television programs, and figurines made of plastic.

19. The Defendant filed an application (Serial No. 77/650082), based on an intent-to-use, seeking registration of the mark BUCK ROGERS in numerous classes (009, 016, 025, 028 and 041) and for a variety of goods including, motion picture films featuring science fiction and adventure, audio-visual recordings featuring science fiction and adventure, sound recordings featuring musical soundtracks, a series of books featuring a collection of comic strips, toy action figures. Said application had an application date of January 15, 2009.

20. Serial No. 77/650082 was published for opposition purposes on June 14, 2011. The DFT timely filed a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") on July 12, 2011. Between February 2015 and April 2015 the parties submitted final briefs, and oral argument before the TTAB was held on September 3, 2015.

21. On September 25, 2015, the TTAB issued a decision (hereinafter the "Decision") rejecting the DFT's opposition of the Nowlan Family Trust's application, attached hereto as Exhibit "B" and incorporated by reference herein in toto.

22. Prior to the TTAB decision, going back as far as 2005, upon information received, the Defendants, their agents, servants, and representatives of the Nowlan Family Trust have made declarations that they are the owners of Buck Rogers, even though they have never produced any products or granted any licenses. The Plaintiffs on information received believe and therefore aver that in the last 45 days, prior to the filing of the instant Complaint, agents, servants, and representatives of the Defendant have specifically gone to individuals and indicated that the Dille Family Trust has no right in Buck Rogers, that parties are free to use Buck Rogers and that the Dille Family Trust lost in the underlying Trademark decision even though it is noted on the record that the actions of the TTAB that this matter is "case still suspended."

23. The actions and declarations of the representatives of the Nowlan Family Trust shows its intent to continue to wrongfully compete with, infringe upon and dilute the Dille Family Trust's proprietary rights in the BUCK ROGERS trademarks. The harm to the Dille Family Trust's goodwill is extensive and irreparable and made in bad faith. The Dille Family Trust seeks an injunction to halt Defendant's wrongful conduct and award of damages as well as attorneys' fees and expenses for Defendant's willful and wanton conduct.

## COUNT I
### Federal Unfair Competition Pursuant to 15 U.S.C. § 1125(a)
### (False Designation of Origin and False Description and Representation)

24. Plaintiff The Dille Family Trust incorporates by reference the allegations contained in paragraphs 1-23 of the Complaint as though fully set forth herein.

25. Defendant the Nowlan Family Trust's conduct, as described herein, including their current (if any) use or intent to use the mark BUCK ROGERS, constitutes unfair competition because it falsely designates the origins as to the affiliation, connection and association between Defendant's services and Plaintiff's services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26. Upon information and belief, the Defendant, through its agents, servants, and representatives, and particularly Attorney John J. O'Malley, has sent correspondence to various entities, businesses, and customers in the comic book and entertainment industry claiming to have created and implying and inferring that the use of Buck Rogers will be legally sanctioned and that by being associated with the Dille Family Trust and/or using Buck Rogers and/or even working on Buck Rogers will subject them to potential liability and lawsuit which constitutes a false description and representation regarding the source of trademark rights in the use of Buck Rogers.

27. As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff irreparable harm and injury. Plaintiff has faced resistance and or rejection of various entertainment and/or publishing opportunities as a result of Defendant's willful conduct to deceive publishers as to the origin of the BUCK ROGERS mark.

28. Defendant's acts of infringement and unfair competition are knowing and willful.

29. Unless Defendant is enjoined from their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition Pursuant to 15 U.S.C. § 1125(a)
### (Confusion, Mistake and/or Deception)

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1-29 of the Complaint as though fully set forth herein.

31. Defendant's conduct, as described herein, including their current use (if any) or intent to use the mark BUCK ROGERS, constitutes federal unfair competition because it causes the likelihood of confusion, mistake and/or deception as to the affiliation, connection, association between Defendant's services and Plaintiff's services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Upon information and belief, the Defendant has sent correspondence to various entities in the comic book and entertainment industry claiming to have superior rights to the BUCK ROGERS mark.

33. Defendant's conduct is a willful attempt to cause confusion, mistake and deception in the marketplace.

34. Plaintiff has been forced to expend unnecessary time and money in an attempt to overcome Defendant's conduct. In many instances, Plaintiff has been unable to resolve the confusion, mistake and deception caused by Defendant, and has lost many publishing and entertainment contracts as a direct result of Defendant's willful conduct.

35. Moreover, as a result of Defendant's attempt to confuse and deceive, Plaintiff's reputation in the industry has been harmed and has come under scrutiny of various entertainment and publishing entities.

36. As a direct and proximate result of Defendant's wrongful conduct, Defendant has caused Plaintiff irreparable harm and injury.

37. Defendant's acts of infringement and unfair competition are knowing and willful.

38. Unless Defendant is enjoined from their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

## COUNT III
## APPEAL OF THE FINAL TTAB DECISION
## IN OPPOSITION NO. 91200643

39. Plaintiff incorporates by reference the allegations contained in paragraphs 1-38 of the Complaint as though fully set forth herein.

40. Plaintiff hereby appeals from the decision of the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("PTO") in Opposition No. 91200643, dated September 25, 2015, the appeal being to the present Court – the Federal Court of the Eastern District of Pennsylvania pursuant to 15 U.S.C. § 1071(b) and 37 C.F.R. 2.145 (c)(4), c), which provide that an [opposer] to the registration of a trademark who is dissatisfied with the decision of the TTAB may "have remedy by a civil action[.]"

41. On January 15, 2009, Defendant filed an intent-to-use application to register the trademark BUCK ROGERS in classes (009, 016, 020, 028 and 041) and for a variety of goods including, "motion picture films featuring science fiction and adventure, audio-visual recordings featuring science fiction and adventure, sound recordings featuring musical soundtracks, a series of books featuring a collection of comic strips, toy action figures, non-downloadable television programs, and figurines made of plastic" (the "Application"). The PTO examined the Application and published the Application for

opposition on June 14, 2011. The DFT filed a Notice of Opposition with the TTAB on or about July 12, 2011 (the "Opposition").

42. The TTAB received briefing by the parties, heard oral argument on September 3, 2015, and issued its decision on September 25, 2015 (the "Decision"). The Decision dismissed the Opposition. See Exhibit "B". Defendant's Application to register the BUCK ROGERS mark in the USPTO, as ordered by the TTAB, will irreparably damage Plaintiff and Plaintiff's goodwill in the BUCK ROGERS mark.

43. The TTAB ruled evidence of Plaintiff's priority was insufficient. Evidence of Plaintiff's priority should be submitted to, and considered by, this Court in this matter. Upon information and belief, if evaluated on the merits, Plaintiff's bases for opposing Defendant's Application represent a valid ground to prevent the registration of the opposed BUCK ROGERS mark. The DFT, as the losing party in the Decision, is dissatisfied with the Decision and hereby appeals the Decision by civil action in this Court pursuant to 15 U.S.C. § 1071(b)(1) and hereby requests a trial *de novo*.

### COUNT IV
### UNDER THE APPLICABLE STANDARD OF REVIEW, THE COURT DOES NOT GIVE ANY WEIGHT TO THE TTAB'S FACTUAL OR LEGAL FINDINGS; APPEAL OF THE FINAL TTAB DECISION IN OPPOSITION NO. 91200643

44. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 – 43 of the Complaint as though fully set forth herein.

45. Under controlling precedent, *see See SwatchAG v.Beehive Wholesale, LLC, 739 F.3d 150,156 (4th Cir. 2014).*, 739 F.3d 150, the standard of review in this case will be *de novo* if, as is exceedingly likely, any party opts to introduce into the record any new evidence. *See also, e.g., TimexGroup USA, Inc. v. Focarino*, No. 1:12-cv-1080, 2014 WL